UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DOSIO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>N. ODELUGA, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00675-DAD-GSA-PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 11.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I.　BACKGROUND**

　　Elmer Dosio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. On May 16, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On August 12, 2020, the court screened the Complaint and dismissed it for failure to state a claim under § 1983, with leave to amend. (ECF No. 10.) On September 16, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 11.)

**II.　SCREENING REQUIREMENT**

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at North Kern State Prison (NKSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly took place. Plaintiff names as defendants T. Kubicki (CEO of Medical Administration), N. Odeluga (CEO of Medical Administration), Dr. A. Shitiu, E. Fernandez (LVN), and S. Kernan (CDCR Secretary) (collectively, "Defendants"). A summary of Plaintiff's allegations follows:

The gravamen of Plaintiff's Complaint is that he was not provided with adequate medical care allegedly resulting in blindness in his right eye. On June 6, 2016, Plaintiff submitted a medical request because the vision in his right eye was blurry. Plaintiff was seen by an LVN

who only gave Plaintiff a cursory exam before dismissing him.  On June 30, 2016, Plaintiff was diagnosed with inflammation of his right eye.

Plaintiff's pain and eyesight only got worse and he visited the medical department several times without anything being done to alleviate his pain and suffering.  This went on for four months while Plaintiff's symptoms were getting worse.  On October 27, 2016, Plaintiff's right eye became infected.  Plaintiff submitted medical requests on October 27, 2016, and again on October 28, 2016.  The pain in his eye was so severe on October 28th that he walked into the A-Facility medical clinic for medical assistance.  Plaintiff's vision was blurry and pus was draining out of his right eye.  Plaintiff was told by defendant LVN Fernandez that her superiors were aware of Plaintiff's eye situation and would be back in the facility in a day or two.  Defendant Fernandez gave Plaintiff no medical treatment, would not call a supervisor or anyone to assist Plaintiff and sent Plaintiff away.

On October 29, 2016, Plaintiff sought medical treatment at the clinic again, complaining of excruciating pain.  All defendant LVN Fernandez did was tell Plaintiff again that her superiors (defendants Kubicki, Odeluga, and Shitiu) were all aware of his eye situation and there was nothing she (Fernandez) could do.  She dismissed Plaintiff again.  If defendant LVN Fernandez's supervisors were aware of Plaintiff's eye problems they should have known that if they did not use due care they would cause danger or injury.  Defendants possessed the state of mind for deliberate indifference by being aware of Plaintiff's medical condition, yet not acting in a timely manner knowing the possible results of delay.

Plaintiff's pain only got worse and the next day he visited the clinic again.  He spoke to defendant LVN Fernandez about the pain, the dripping pus and the fact that his eye went dark.  Defendant Fernandez told Plaintiff she saw nothing wrong with Plaintiff and he should put in a sick call slip.

Later in the evening Plaintiff returned to the clinic and met with LVN Tomay [not a defendant] who after hearing Plaintiff's complaint and examining his eye called the triage nurse to apprise her of Plaintiff's condition and was told to bring Plaintiff in.  Plaintiff's vision in his right eye was completely dark, but still he was placed in a holding cage for over an hour suffering

with nothing given for his pain.  When a doctor arrived he examined Plaintiff for only about ten seconds and stated "The eye is dead," and called for an ambulance.  Plaintiff was taken to an outside hospital and seen by Dr. Twansey [not a defendant], who gave him injections in his right eye.  Plaintiff was kept overnight but given nothing for the pain.

On November 1, 2016, Plaintiff saw Dr. Twansey again who told Plaintiff he had scar tissue on his eye and would need surgery after the infection was gone.   After the surgery the x-rays showed Plaintiff's eye to be completely black.  Dr. Twansey told Plaintiff that he was blind in his right eye and that he most likely could have saved Plaintiff's eye if he had been brought in sooner.

Defendant S. Kernan, as Secretary of the CDCR and a policy maker, had a duty and failed to rein in the pervasive culture of neglect and abuse of power by the medical department's staff.  The tone from above did not discourage such conduct, but rather condoned it.

As relief, Plaintiff requests compensatory and punitive damages and an investigation into the medical practices at NKSP.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law

///

amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    **Personal Participation**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

In the First Amended Complaint, Plaintiff fails to allege facts showing that defendants Kubicki, Odeluga, Shitiu, or Kernan personally acted against him. Plaintiff fails to attribute any personal act to those defendants. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa

County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Therefore, Plaintiff fails to state any § 1983 claims against defendants Kubicki, Odeluga, Shitiu, or Kernan.

**B.       Medical Claim – Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of

medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff fails to state a cognizable claim against defendants Odeluga, Kubicki, and Shitiu because there is no *respondeat superior* liability under section 1983. Plaintiff's allegation that defendant Fernandez told him her supervisors knew all about Plaintiff's eye situation fails to show, without more, that the supervisors acted with deliberate indifference. Plaintiff does not allege that the supervisors' failure to act was done with the intent to delay or hinder Plaintiff's care. Finally, Plaintiff does not allege any facts suggesting that any of the supervisors were personally involved with the examination and treatment Plaintiff received while Plaintiff was housed at KVSP or that any of them otherwise engaged in actions that denied, delayed, or interfered with Plaintiff's medical treatment. Accordingly, Plaintiff's deliberate indifference claims against defendants Odeluga, Kubicki, and Shitiu must be dismissed.

Plaintiff also fails to state a medical claim against defendant Kernan (CDCR Secretary). Plaintiff alleges that as the CDCR Secretary and a policy maker, defendant Kernan had a duty and the power to act to "rein in the pervasive culture of neglect and abuse of power by the medical department's staff" at KVSP, but failed to do so. This allegation, at most, states a claim for negligence, which is insufficient to state a § 1983 claim. Furthermore, Plaintiff does not attribute any personal act by defendant Kernan contributing to the violation of Plaintiff's rights to adequate medical care. Therefore, Plaintiff's medical claim against defendant Kernan must be dismissed.

Plaintiff also fails to state a cognizable medical claim against defendant LVN Fernandez. Defendant Fernandez told Plaintiff there was nothing she could do and he should return when

her superiors were back at the clinic in a day or two. There are no facts showing that Defendant Fernandez disregarded Plaintiff's medical needs, knew that Plaintiff was at substantial risk of harm if he were not given immediate treatment, or acted unreasonably under the circumstances. Accordingly, the court finds that Plaintiff fails to state a cognizable medical claim against defendant Fernandez.

Plaintiff may be able to state a cognizable medical claim, but he must provide the court with more information about his medical treatment between June 6, 2016 and October 27, 2016. Plaintiff alleges that on June 30, 2016, he was diagnosed with inflammation of his right eye, and after that he visited the medical department <u>several times</u> before October 27, 2016. Plaintiff must state in his allegations: (1) the date of <u>each</u> visit to the medical department, (2) what symptoms he had at each visit, (3) who treated him (by name), (4) what happened during the visit, (5) what was the diagnosis, (6) what treatment was recommended or given, (7) what medications were prescribed, and (8) whether he was scheduled for another visit. To state a claim, Plaintiff must allege more *facts* explaining his symptoms and treatment, and who treated him. Plaintiff should inform the court when his pain began, when he first noticed changes in his vision and other symptoms, how his symptoms progressed, when he alerted staff (each time and who) about the pain and changes in his vision, what did each person who treated Plaintiff do, and when (date) he feels he lost his vision in the right eye, and what he did to alert medical staff, and what they did in response.

Plaintiff shall be granted leave to file a Second Amended Complaint curing the deficiencies in his medical claim identified by the court.

### C.     **Injunctive Relief**

Besides monetary damages, Plaintiff requests injunctive relief by means of an investigation into the medical practices at NKSP. The court cannot award this form of relief. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular

>plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. § 3626(a)(1)(A).

An investigation into the medical practices at NKSP would not remedy the past violation of Plaintiff's constitutional rights and therefore is not narrowly drawn to correct the alleged past violations. Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief in this case and is therefore confined to seeking money damages for the violations of his federal rights.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against any of the Defendants for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff is granted leave to file a First Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies in his claims identified in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:19-cv-00675-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 23, 2020**                **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE