UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DOSIO,<br><br>        Plaintiff,<br><br>    vs.<br><br>N. ODELUGA, et al.,<br><br>        Defendants. | 1:19-cv-00675-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANT LVN ELMA FERNANDEZ ON PLAINTIFF'S MEDICAL CLAIM, AND THAT ALL OTHER CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER § 1983**<br>**(ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

### I. BACKGROUND

Elmer Dosio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. On May 16, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On August 12, 2020, the court screened the Complaint and dismissed it for failure to state a claim under § 1983, with leave to amend. (ECF No. 10.) On September 16, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 11.) On September 23, 2020, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 14.) On November 6, 2020, Plaintiff filed the Second Amended Complaint which is now before the court for screening. (ECF No. 18.) 28 U.S.C. § 1915.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at North Kern State Prison (NKSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Second Amended Complaint allegedly took place. Plaintiff names as sole defendant Elma Fernandez (LVN) ("Defendant").

A summary of Plaintiff's allegations follows:

The gravamen of Plaintiff's Second Amended Complaint is that he was not provided

with adequate medical care resulting in blindness in his right eye. Plaintiff alleges that he experienced pain in his right eye from June 2016 through October 2016, when he lost his sight in that eye.

On June 22, 2016, Plaintiff submitted a CDCR form 7362 Healthcare Services Request stating that he had been experiencing pain and blurriness in his eye. On June 22, 2016, Plaintiff's right eye was: sphere -125 cylinder -05, vision 20/20; and his left eye was: sphere -50 cylinder 0.75, vision 20/20.

Documentation shows that after a face-to-face triage on or about June 24, 2016, Plaintiff was referred to an eye specialist. On June 30, 2016, Plaintiff was diagnosed with inflammation in his right eye. Dr. O. Beregovskaya, Internal Medicine, made the diagnosis. From June 30, 2016 through October 2016, Plaintiff received medication for pain and several injections in his right eye to treat the blurriness. Dr. D. Gines ordered the medication.

On October 26, 2016, Plaintiff received his fourth injection in the right eye. Dr. Tawansy [not a defendant] supervised all of the outside medical visits and examinations. On October 27, 2016, Plaintiff developed an infection in his right eye with pain, blurry vision, and pus oozing out of his eye. Plaintiff went to the facility clinic seeking medical attention and relief from the pain in his eye and advised defendant LVN Fernandez, who was on staff at that time, of his symptoms and pain. Defendant Fernandez ignored Plaintiff's obvious signs of distress and urgent need of medical treatment when it was medically obvious that immediate and adequate care was needed to mitigate Plaintiff's prolonged suffering. Defendant Fernandez advised Plaintiff that there was nothing she could do and that it didn't look like anything was wrong with his eye.

On October 28, 2016, with symptoms having worsened, Plaintiff again returned to the facility clinic where Defendant Fernandez was on staff and once more advised Defendant Fernandez of pus leaking from his right eye, with a high level of pain. Defendant Fernandez again told Plaintiff that there was nothing she could do as the doctors were aware of his situation and would be back in a day or so. Defendant Fernandez refused to entertain the idea that she had the ability to send Plaintiff to the Treatment Triage Annex (TTA) to be examined by a staff

physician or a concerned RN familiar with his current treatment.  Defendant Fernandez did not contact anyone or make any effort to alleviate the signs of distress that Plaintiff was showing that day and had been receiving treatment for since June 2016.

On October 29, 2016, Plaintiff submitted another 7362 Request for Healthcare Services advising of a complete loss of sight and an increased level of pain since the October 26, 2016 injection in his eye.  On October 29, 2016, Plaintiff again attempted to get help for the pain and pus in his right eye, but Defendant Fernandez indifferently told Plaintiff again that there was nothing she could do because the supervisors were all aware of his eye problem and that Plaintiff should leave.  At none of the many interactions that Defendant Fernandez had with Plaintiff did she attempt to actually give Plaintiff any constitutionally adequate medical attention other than telling Plaintiff that his eye looked fine to her.  Defendant Fernandez did not take triage notes or notify Plaintiff's treating physicians or supervisory staff familiar with the several outpatient visits and eye treatments Plaintiff had been undergoing since June 2016.

On October 29, 2016, at about 1930 hours, Plaintiff walked into the facility clinic complaining of pain level 10/10 and complete loss of vision in his right eye, which LVN Tomay [not a defendant] observed and immediately called TTA RN Albano [not a defendant] about the seriousness of the situation. RN Albano [arranged] for the Plaintiff to be sent to TTA.  Plaintiff was escorted by a prison guard at the request of Albano.  At about 2100 hours Plaintiff was examined by Dr. Alphonso [not a defendant] who was on call that shift and who stated that Plaintiff had a loss of vision in his right eye as a possible result of an Avastain injection that Plaintiff had received on October 26, 2016.  Dr. Alphonso further documented that Plaintiff's right eye pupil was small, had a sluggish reaction to light, and had a lens that was white.  Dr. Alphonso ordered an ambulance to take Plaintiff to San Joaquin Community Hospital ASAP. Plaintiff was admitted to the receiving hospital overnight where he was seen by his treating physician Dr. K. Tawansy [not a defendant] who gave Plaintiff at least four more injections in an attempt to save Plaintiff's right eye.

From October 27, 2016, through October 29, 2016, Plaintiff made several attempts to seek medical attention and treatment that would have saved his eyesight in his right eye, including

Healthcare Services Requests and personally advising medical staff, Defendant LVN Fernandez, that he had an urgent medical concern. Plaintiff has shown that his medical needs were sufficiently serious to require more than a dismissive acknowledgement, or telling him it looked fine when it could not, by any objective observer, be shown to look fine with pus oozing out and a white lens, which failure to treat has resulted in further significant injury and the wanton and unnecessary infliction of pain. Plaintiff's delay in adequate medical treatment by Defendant LVN Fernandez directly resulted in the loss of vision in Plaintiff's right eye, which may have been avoided had the Defendant not shown deliberate indifference to Plaintiff's obvious medical need.

On November 1, 2016, Plaintiff had surgery on his right eye which proved unsuccessful, and Dr. Tawansy advised Plaintiff that he would never be able to see out of his right eye again or focus. After the surgery on Plaintiff's right eye, x-rays showed that Plaintiff's eye was completely black.

Plaintiff was under the impression that the treatment and therapy that Plaintiff had been receiving would restore his eye to some form of functionality, but for the deliberate indifference of the Defendant Fernandez. Defendant's failure to take any corrective action taken is a violation of Plaintiff's Eighth Amendment rights. Defendant's actions did not advance any penological goal, nor were the actions narrowly tailored to achieve such a goal.

Plaintiff requests monetary damages, including punitive damages, declaratory relief, and attorney's fees.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A.   Medical Claim – Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

The court finds that liberally construed, Plaintiff states a cognizable medical claim against Defendant LVN Fernandez, to which Defendant should be required to respond.

### B. Request for Relief

Besides monetary damages, Plaintiff requests declaratory relief and attorney's fees as relief.

Plaintiff's request for declaratory relief should be denied because it is subsumed by Plaintiff's damages claim. See Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a *pro se* attorney-plaintiff.")

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is confined to seeking money damages for the violations of his federal rights.

### V. RECOMMENDATIONS AND CONCLUSION

For the reasons set forth above, the court finds that Plaintiff states a cognizable claim in the Second Amended Complaint against sole Defendant LVN Elma Fernandez for inadequate medical care in violation of the Eighth Amendment.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed against Defendant LVN Elma Fernandez with Plaintiff's medical claim under the Eighth Amendment, and all other claims be dismissed from this action based on Plaintiff's failure to state a claim; and
2. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2021**                    /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE