UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DOSIO, | **1:19-cv-00675-DAD-GSA-PC** |
| Plaintiff, | **ORDER GRANTING PARTIES' JOINT MOTION TO STAY DISCOVERY AND MODIFY DISCOVERY AND SCHEDULING ORDER** |
| vs. | **(ECF No. 36.)** |
| N. ODELUGA, et al., | |
| Defendants. | **ORDER IMPOSING STAY OF MERITS-BASED DISCOVERY AND VACATING THE DISCOVERY AND DISPOSITIVE MOTION DEADLINES PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Elmer Dosio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  This case proceeds with Plaintiff's Second Amended Complaint against defendant Licensed Vocational Nurse ("LVN") Elma Fernandez[1] ("Defendant") for failure to provide adequate medical care in violation of the Eighth Amendment. (ECF No. 18.)[2]

---

[1] Sued as E. Frandez.

[2] On April 29, 2021, the court issued an order dismissing all other claims and defendants from this case based on Plaintiff's failure to state a claim.  (ECF No. 20.)

1

On September 14, 2021, the Court issued a Discovery and Scheduling Order establishing a deadline of February 14, 2022 for the parties to complete discovery, and a deadline of April 14, 2022 for the filing of dispositive motions.  (ECF No. 32.)

On December 15, 2021, Plaintiff and Defendant filed a joint motion to stay discovery and vacate the discovery and dispositive motions deadlines pending resolution of Defendant's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, (ECF No. 36.)

The parties' joint motion to stay discovery and modify the Discovery and Scheduling Order is now before the court.  Local Rule 230(*l*).

## II.      MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The parties request the court to stay merits-based discovery and vacate the discovery and dispositive motion deadlines in the court's Discovery and Scheduling Order, pending resolution of Defendant's motion for summary judgment based on exhaustion.   Defendant believes that the motion for summary judgment could dispose of Plaintiff's entire action, because Plaintiff's lawsuit is barred for failing to exhaust his administrative remedies before filing suit.  The parties have agreed that this motion applies only to merits-based discovery, and the parties are entitled to take discovery for the limited purpose of the aforementioned motion for summary judgment on exhaustion.   Defendant argues that good cause exists to grant the motion because (1) Defendant exercised due diligence in bringing the motion for summary judgment and the instant motion before the close of discovery; (2) vacating these deadlines will avoid the expenditure of

resources by the parties in conducting discovery and filing motions concerning the merits of the case, and (3) there is a good possibility that the  motion for summary judgment will dispose of the case in its entirety.

The court finds good cause to impose a stay on merits-based discovery in this action for all parties pending resolution of the motion for summary judgment.  It would be an efficient use of the court's and the parties' resources to address exhaustion issues before reaching the merits of the case.  Moreover, the parties have agreed that they are entitled to conduct discovery needed to address the exhaustion issue.  Therefore, the parties' joint motion shall be granted.

**III.    CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.    The parties' joint motion to stay merits-based discovery and modify the scheduling order, filed on December 15, 2021, is granted;

2.    All merits-based discovery in this action (not including discovery related to the issue of exhaustion) is stayed pending resolution of Defendant's motion for summary judgment;

3.    The discovery and dispositive motion deadlines are vacated; and

4.    If needed, the court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:    **January 7, 2022**                          **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE