# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DOSIO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>N. ODELUGA, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00675-ADA-GSA-PC<br><br>**ORDER GRANTING STIPULATED MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 58.)**<br><br>**ORDER EXTENDING DISPOSITIVE MOTION FILING DEADLINE FOR ALL PARTIES**<br><br>**New Dispositive Motion Deadline:　07/25/23** |

　　　Elmer Dosio ("Plaintiff") is a state prisoner proceeding with counsel and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. This case proceeds with Plaintiff's Second Amended Complaint against defendant Licensed Vocational Nurse ("LVN") Elma Fernandez[1] ("Defendant") for failure to provide adequate medical care in violation of the Eighth Amendment. (ECF Nos. 18, 20.)[2]

---

[1] Sued as E. Frandez.

[2] On April 29, 2021, the court issued an order dismissing all other claims and defendants from this case based on Plaintiff's failure to state a claim. (ECF No. 20.)

1

On September 14, 2021, the Court issued a Discovery and Scheduling Order, establishing pretrial deadlines for the parties, including a discovery deadline of February 14, 2022 and a deadline for filing dispositive motions of April 14, 2022. (ECF No. 32.)  The deadline for filing dispositive motions has since been extended to July 15, 2023 for all parties.  (See ECF No. 57.)

On July 12, 2023, the parties filed a stipulated motion to extend the deadline to file dispositive motions to July 25, 2023.  (ECF No. 58.)

**II.	MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification. Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The parties request to modify the Discovery and Scheduling Order to extend the dispositive motion deadline set forth in the Court's order issued on May 16, 2023 (ECF. No 57). The Court finds good cause to extend the dispositive motions filing deadline from July 15, 2023 to **July 25, 2023.**  The stipulated motion to modify the scheduling order, filed by the parties on July 12, 2023, shall be granted.

**III.	CONCLUSION**

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. The parties' joint motion to modify the Court's scheduling order, filed on July 12, 2023, is GRANTED;
2. The deadline for filing pretrial dispositive motions is extended from July 15, 2023 to **July 25, 2023** for all parties to this action; and
3. All other provisions of the court's September 14, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

    Dated:   **July 14, 2023**                        **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE